UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GALVESTON BAY BIODIESEL, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-10-132 |
| | § | |
| ACE AMERICAN INSURANCE COMPANY, | § | |
| *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

**I.   INTRODUCTION**

Before the Court are the plaintiff, Galveston Bay Biodiesel, L.P.'s, motion to remand (Doc. No. 13), and the defendants, Ace American Insurance Company and Liberty Mutual Insurance Company's response to the plaintiff's motion (Doc. No. 17). Having carefully reviewed the parties' submissions, the record and the applicable law, the Court hereby Grants the plaintiff's motion to remand and remands this case to state court.

**II.   FACTUAL BACKGROUND**

This dispute arose as a result of damages caused to the plaintiff's property during Hurricane Ike. Afterward, the plaintiff made claims under contracts of insurance issued by the defendants [Ace Policy No. EPRNO4289997 and Liberty Mutual Policy No. 3D522313002] for the period from January 16, 2008 to January 16, 2009. The policies covered physical loss or damage to the real property, business interruption, extra expenses and certain extensions. The plaintiff timely submitted its claim to the defendants and were informed that the policies "contain a $15,000,000 annual aggregate sublimit for all costs and loss associated with [Hurricane Ike] and that such sublimit is the total amount recoverable under the policies."

In addition to Ace and Liberty Mutual, the plaintiff also sued Starr Technical Risks Agency of Texas, Inc., and its employee, Vincent Milligan. Ace and Liberty Mutual employed Starr and its employee, Milligan, to adjust the plaintiff's claim. By joining these two defendants, both residents of Texas, the plaintiff contends that diversity jurisdiction is defeated. *See* 28 U.S.C. § 1441(a).

### III.    CONTENTIONS OF THE PARTIES

####    A.    *The Plaintiff's Contentions*

The plaintiff asserts that remand is appropriate because of it claims against Starr and Milligan which claims provide a reasonable basis for recovery against them. The plaintiff points out that Chapter 541 of the Texas Insurance Code provides for suits and a basis for recovery against adjusters for unfair settlement practices. In this regard, the plaintiff asserts that, apart from Ace and Liberty Mutual's conduct, Starr and Milligan: (a) failed "to attempt in good faith to effectuate a prompt, fair, and equitable settlement of [its] claim . . ."; (b) failed "to provide promptly to [the plaintiff] a reasonable explanation of the basis in the policies, in relations to the facts or applicable law, for the denial of [its] claims;" and (c) misrepresented "to [the plaintiff] material facts and policy provision relating to the coverage at issue."

####    B.    *Ace and Liberty Mutual's Contentions*

The defendants removed the case to this Court from the 122nd Judicial District Court of Galveston County, Texas. In their response to the plaintiff's motion to remand this case to that court, the defendants contend that the plaintiff's fraud claim against Starr and Milligan, does not comply with the pleading strictures of Federal Rule of Civil Procedure, Rule 9(b). The defendants point to the plaintiff's pleadings and argue that the "factual allegations against Starr and Milligan" fail to adequately state fraud-based claims against them. The defendants point out

that, while Ace and Liberty Mutual, parties to the insurance contract and subject to breach of contract claims apart from fraud, Starr and Milligan do not occupy a similar relationship with the plaintiff. Therefore, the defendants argue that fraud, apart from the contractual obligations owed by Ace and Liberty Mutual, must be pled with particularity; otherwise, Starr and Milligan have been improperly added merely to defeat diversity and; therefore, their citizenship should be disregarded.

## IV.   STANDARDS OF REVIEW

The applicable statute provides two grounds for remand: (1) a defect in removal procedure; and (2) lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Things Remembered, Inc. v. Petarca*, 516 U.S. 124, 127–28 (1995). A remand for lack of subject matter jurisdiction is permissible at any time before final judgment, with or without a motion. 28 U.S.C. § 1447(c). Here, the essential inquiry is whether removal of the state court action on the basis of diversity of citizenship was proper in light of the facts presented. Pursuant to 28 U.S.C. § 1441(a), a defendant is permitted to remove an action from a state court to a federal court only if the action is one over which the federal court has original jurisdiction. The federal diversity jurisdiction statute provides that federal courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of costs and interest, and diversity of citizenship exists. *See* 28 U.S.C. § 1332(a).

"It is well established that the diversity statute requires 'complete diversity' of citizenship: A district court generally cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992)). In analyzing whether complete diversity jurisdiction exists, however, a court may

disregard the citizenship of parties that have been improperly joined. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572–73 (5th Cir. 2004) (en banc). Nevertheless, the burden of establishing fraudulent or improper joinder rests on the party asserting it and is indeed a heavy burden. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). In order to establish fraudulent or improper joinder of a party, the defendant must demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573.

In this case, the parties do not dispute that Bickett is a Texas resident, and thus the Court's analysis will focus only on the second prong of this test. Under that prong, the Court is required to determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (citing *Irby*, 326 F.3d at 647–48). "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573.

In assessing whether a defendant has been improperly joined, the court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308–09 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). It must also "resolve all ambiguities in the controlling state law in the plaintiff's favor." *Guillory*, 434 F.3d at 308 (internal citations omitted). In this regard, the court is not required to "determine

whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so." *Id*. at 309 (internal citations omitted).

When determining the possibility of recovery under state law, the court is permitted to conduct "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573 (internal citations omitted). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id*.; *Guillory*, 434 F.3d at 309. However, the defendant also asserts a FRCP Rule 9(b) defense to the plaintiff's motion to remand.[1]

## V.     ANALYSIS AND DISCUSSION

In the case at bar, the plaintiff does not argue that a procedural defect exists in the removal process from state court. Nor does it assert that the amount in controversy is insufficient. It solely contends that diversity of citizenship between the defendants and Starr and Milligan is lacking. It is undisputed that both Starr and Milligan are Texas citizens, and therefore, absent a showing that they were improperly joined, subject matter jurisdiction is absent. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572–73 (5th Cir. 2004) (en banc). Hence, the improper joinder issue is a function of whether the plaintiff has pleaded a potentially viable cause of action against Starr and Milligan under Chapter 541 of the Texas Insurance Code. As described below, the Court finds that it has.

### A.     *Potential Liability for Starr and Milligan as Individual Actors*

The defendants assert that Starr and Milligan were improperly joined because they cannot be held individually liable for actions taken during the course of their work as insurance adjusters. The plaintiff disagrees, arguing that Starr and Milligan are potentially be liable for

---

[1] Because the Court is of the opinion that the plaintiff has asserted, and sufficiently so, a cause of action under Chapter 541 of the Texas Insurance Code, the Court need not address the defendant's Rule 9(b) challenge.

actions taken in the course of their employment. In this regard, the plaintiff states (with citations and footnotes omitted) that:

> [The plaintiff] has asserted Starr and Milligan violated Chapter 541 of the Texas Insurance Code by engaging in unfair settlement practices. These statutory violations are separate and distinct from [the plaintiff's] misrepresentations claims and provide an independent basis for possible recovery against Starr and Milligan.

The defendants do not contest that it is possible for an adjuster to be liable under the Insurance Code. However, they assert that, for Starr and Milligan to be personally liable, the plaintiff must establish by its pleadings that Starr and Milligan committed the violation that caused the harm. Based upon this premise, the defendants maintain that, Starr and Milligan were acting in furtherance of Ace and Liberty Mutual's business interests at all pertinent times; therefore, Starr and Milligan cannot be personally liable. Accordingly, Starr and Milligan were improperly added as defendants, argues the defendants. The Court disagrees.

"[T]the Fifth Circuit [has established] that in order to [recover] against an adjuster, the plaintiff must demonstrate . . . that the employee, as an individual, committed the violation that caused the harm." *Frisby v. Lumbermens Mut. Cas. Co.*, No. H-07-015, 2007 WL 2300331, at *3 (S.D. Tex. Feb. 20 2007) (unreported opinion) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004)); *see also Mayorga v. Gov't Employees Ins. Co. (Geico)*, No. C-09-339, 2010 WL 300350, at *3 (S.D. Tex. Jan. 20, 2010). ("Plaintiff alleges that [the individual defendant] 'fail[ed] to conduct a reasonable investigation of Plaintiff's claims and fail[ed] to effect prompt resolution of Plaintiff's claim.' Employees that fail to properly adjust insurance claims are liable under Section 541." (citations omitted)); *Cornman v. State Farm Lloyds*, No. H-

01-3266, 2001 WL 34098622, at*4 (S.D. Tex. Nov. 19, 2001) (unreported opinion) (recognizing that an individual can be liable under the TIC even if all of their pertinent actions were taken within the scope of their employment with an insurance company).

Under the (here applicable) Rule 12(b)(6) standard, the plaintiff only needs to allege that Starr and Milligan personally took some action that violated the Insurance Code, as opposed to acting in an individual capacity, as argued by the defendants. *See Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (In a Rule 12(b)(6) analysis, "the plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true."). The Court finds that this standard is satisfied.

The defendants argue that the plaintiff has not properly alleged an Insurance Code violation against, and, therefore, they were improperly joined. Specifically, it asserts that:

> The alleged failure to attempt settlement pertains only to the amount over the sublimit as Starr and Milligan allegedly represented the sublimit to be. Taking "[t]he proper route" under *Lone Star* of "disregard[ing] averments of fraud not meeting Rule 9(b)'s standard and then ask[ing] whether a claim has been stated," it is clear that nothing would be left of GBB's claim of failure to attempt settlement if the contention regarding false invocation of the sublimit were disregarded. In other words, if there was a representation that the applicable limit is $15 million which has been paid and it was accurate, then there would be no further "prompt, fair and equitable settlement" to be made.

With regard to the level of factual specificity required to survive a (here applicable) Rule 12(b)(6) review, the Fifth Circuit has stated:

> In order to overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be addressed at

> trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citation omitted). Moreover, the plaintiff's complaint should not simply contain a litany of conclusory allegations, but must be pled with a certain level of factual specificity. *See* [*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).]
>
> The primary issue that a district court must confront at this stage of the proceedings is not whether the plaintiff will ultimately prevail, but, whether the substantive nature of the allegations raised in the complaint are such that the plaintiff "is entitled to offer evidence to support his claim[s]." [*Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).] Given the foregoing, it would be inappropriate for a district court to dismiss a plaintiff's complaint pursuant to a Rule 12(b)(6) motion, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *See also Jones*, *supra*, at 324. (observing that dismissing an action is improper "unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint") (emphasis added).

*Jenkins v. De La Paz*, 124 Fed. Appx. 265, 267 (5th Cir. 2005) (unreported opinion). Restated, "[t]o survive a Rule 12(b)(6) [review], a complaint 'need not set forth all the facts upon which the claim is based; rather, a short and plain statement of the claim is sufficient if it gives the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Drs. Bethea v. St. Paul Guardian Ins. Co.*, No. A. 02-1444, 2002 WL 31697714, at *3 (E.D. La. Oct, 20 2002) (quoting *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977)).

The defendants' FRCP 9(b) claim, therefore, is not dispositive of the plaintiff's motion for remand. Assuming that the defendants' contention that the plaintiff has failed to properly plead a fraud claim is meritorious, the plaintiff has alleged other violations, *i.e.,* violations of the Insurance Code. The plaintiff has asserted unfair settlement practices violations. *See* Tex. Ins.

Code § 541.060(2); *see also Storebrand Ins. Co. v. K. V. Employers Ins.*, 139 F.3d 1052, 1056 (5th Cir. 1998). These claims are statutory bad faith claims and are distinct from common law fraud claims that are asserted. See [Footnote 1, infra]. Moreover, insurance adjusters are liable for their own conduct where it violates the Insurance Code. *See Gasch v. Hartford Accident & Indemnity Co.,* 491 F.3d 278, 282 (5th Cir. 2007). Therefore, the defendants' FRCP Rule 9(b) contention, even if meritorious, fails to dispose of the plaintiff's motion to remand.

## VI. CONCLUSION

Based on the preceding discussion and analysis, the Court hereby GRANTS the plaintiff's motion to remand this case to state court. This case is hereby REMANDED, pursuant to 28 U.S.C. § 1447(c), to the 122nd Judicial District Court of Galveston County, Texas, where it was originally filed under State Cause Number 10cv0625.

It is so Ordered.

SIGNED at Houston, Texas this 11th day of June, 2010.

_____
Kenneth M. Hoyt
United States District Judge